UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20048-Civ-COOKE

LEE SILBER,

    Plaintiff

vs.

WALGREENS,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on Plaintiff's Complaint and Motion to Proceed *In Forma Pauperis*, pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 3). For the reasons explained in this Order, the Complaint is dismissed with prejudice and the Motion to Proceed *In Forma Pauperis* is denied as moot.

*Pro se* Plaintiff Lee Silber has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. A court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that … the action … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009). Although courts liberally construe *pro se* pleadings,[1] when a plaintiff proceeds *in forma*

---

[1] A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not

*pauperis*, § 1915 grants courts the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). The Supreme Court has provided several examples of factually baseless or legally frivolous claims, including claims where the defendant is clearly immune from suit, where the plaintiff alleges infringement of a legal interest that obviously does not exist, and claims detailing fantastic or delusional scenarios. *Id.* at 327-28.

Further, "federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions, and have a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Kiera v. United States*, 400 F. App'x 477, 479 (11th Cir. 2010) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986)). Since 2008, Mr. Silber has filed 62 cases in this district, 24 of which have been filed in the last 10 days. Of the cases that have been closed, nearly every one was dismissed as a baseless or frivolous cause of action. This is Mr. Silber's fourth attempt to assert this cause of action against Walgreens. *See Silber v. Walgreens, et al.*, Case No. 11-22951-Civ-Altonaga (dismissed for failure to state a cause of action); *Silber v. Walgreens*, Case No. 10-23040-Civ-Cooke (dismissed for failure to state a cause of action); *Silber v. Walgreens*, Case No. 11-23675-Civ-Cooke (dismissed with prejudice for failure to state a cause of action).

A district court should allow leave to amend a complaint when it appears that a more carefully drafted complaint might state a claim upon which relief can be granted. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). However, a district court need not allow a plaintiff to

---

give a court a license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

amend and may dismiss a complaint with prejudice when a plaintiff has been provided with two opportunities to correct an insufficient complaint, and subsequently files another complaint failing to comply with Rule 8(a)(2).  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (2008).  In this case, Mr. Silber has been given several opportunities to file his complaint in order to conform to the liberal pleading standard of Rule 8(a)(2), but has continuously failed to do so.  His present complaint is virtually identical to the complaint he filed approximately three months ago in this Court, and which I dismissed with prejudice.

As I held on December 30, 2011, in *Silber v. Walgreens*, Case No. 11-23675 (S.D. Fla.), Mr. Silber fails to state a claim against Walgreen's.  At best, Mr. Silber attempts to assert a cause of action for race discrimination.  To establish a prima facie case of race discrimination, a plaintiff must show (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, and (3) interference by the defendant with an activity protected under the statute.  *See* 42 U.C.S. § 1981; *Kinnon v. Arcoub, gopman & Assoc. Inc.*, 490 F.3d 886, 891 (11th Cir. 2007).  "Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process."  *Kinnon*, 490 F.3d at 892.  "Rather, in the retail context, the plaintiff must demonstrate the loss of an actual contract interest."  *Id.* (internal quotations and citations omitted).  Although Mr. Silber alleges that he "tried to purchase items with money," and was denied the ability to perform a retail sales contract, he fails to identify his race in contrast to the race of the alleged Walgreens employees who asked Mr. Silber to leave the store.  Mr. Silber also fails to indicate whether the employees were acting within the scope of their employment or with discriminatory intent.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that this case is **DISMISSED** *with prejudice* and the Motion to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED** *as moot*. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida this 23rd day of January 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
*Lee Silber,* pro se

4